IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL DISTRICT
IN AND FOR DUVAL COUNTY FLORIDA

DAVID MUNIZ,

     Plaintiff,

vs.

GCA SERVICES GROUP, INC.,
SUNSTATES MAINTENANCE
CORPORATION n/k/a GCA
SERVICES GROUP, INC., and
RICHARD K. FOWLER,

     Defendants.

CASE NO.:
DIVISION:

_____

## COMPLAINT

COMES NOW Plaintiff, DAVID MUNIZ, and sues Defendants, GCA SERVICES GROUP,

INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC.,

and RICHARD K. FOWLER, and states:

1.     This is an action for damages in excess of Fifteen Thousand Dollars and NO/100

($15,000.00), exclusive of interest, attorneys' fees, and costs.

2.     Plaintiff, Mr. DAVID MUNIZ (hereafter Mr. MUNIZ), was at all times material

hereto a resident of the State of Florida.

3.     At all time material hereto, Defendant SUNSTATES MAINTENANCE

CORPORATION, INC., n/k/a GCA SERVICES GROUP, INC., was a Delaware corporation

registered to conduct business in the State of Florida with a principal place of business for its Florida

operations at 950 Phillips Highway, Suite 8, Jacksonville, Florida.

4.     At all times material hereto, Defendant GCA SERVICES GROUP, INC., was a

1

Delaware corporation registered to conduct business in the State of Florida with a principal place of business for its Florida operations at 950 Phillips Highway, Suite 8, Jacksonville, Florida..

5. Defendant RICHARD K. FOWLER (FOWLER) owned, operated, and/or managed SUNSTATES MAINTENANCE CORPORATION, INC. (SUNSTATES), n/k/a GCA SERVICES GROUP, INC. (GCA SERVICES), a maintenance company which used Jacksonville, Florida, as the principal place of business in the State Florida and also owns, manages, and/or controls numerous investments, including real property, in the State of Florida.

6. Plaintiff, Mr. MUNIZ was employed by Defendants GCA SERVICES, SUNSTATES, n/k/a GCA SERVICES, and FOWLER, as regional manager for the State of Florida.

7. Defendants GCA SERVICES, SUNSTATES, n/d/a GCA SERVICES, and FOWLER provided numerous performance incentives to state and division managers of the corporations and their subsidiaries, such incentives being customary in the industry.

8. Plaintiff Mr. MUNIZ has been under the employment of Defendants GCA SERVICES and SUNSTATES, n/d/a GCA SERVICES, and FOWLER from August 1988 until June 21, 2003.

9. On or around June 2000, Plaintiff Mr. MUNIZ received an employment offer from CENPLEX Building Services, Inc., which then was an upstart company in the maintenance services industry.

10. The CENPLEX Building Services, Inc. (CENPLEX), offer provided Mr. MUNIZ with stock ownership amount to 10% interest in CENPLEX once the company achieved $5 million in annualized earnings and 15% stock ownership once the company achieved $7 million in annual sales.

2

11.     Plaintiff Mr. MUNIZ then informed Defendant FOWLER that he was entertaining leaving SUNSTATES and accepted the CENPLEX offer.  Defendant FOWLER immediately provided Mr. MUNIZ with pay-raise and promised to restructure his employment contract to provide similar stock equity in SUNSTATES.

12.     A month or so later, Defendant FOWLER presented an employment contract to Mr. MUNIZ offering stock ownership in SUNSTATES as part of the compensation package.  The stock ownership incentives were based on the performance of SUNSTATES in the Raleigh, North Carolina, market.  As such, Mr. MUNIZ was to receive from 1% to 8% stock ownership in SUNSTATES' operation for Raleigh, North Carolina.  *At the time this action was filed, Defendants retain the original copy of this agreement.*

13.     The employment incentive contract provided by Defendants FOWLER and SUNSTATES to Mr. MUNIZ provided for SUNSTATES repurchase of the stock upon Mr. MUNIZ's termination of employment.

14.     On or about the beginning of 2003, , Defendants SUNSTATES MAINTENANCE CORPORATION, INC., and RICHARD K. FOWLER entered into negotiations to sell SUNSTATES MAINTENANCE CORPORATION, INC., to Defendant GCA SERVICES GROUP, INC.

15.     On June 18, 2003, Defendants SUNSTATES MAINTENANCE CORPORATION, INC., d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER offered an Earnout Incentive Program with an aggregate total of $2,500,000.00 to state and division managers.  *At the time suit was filed, Defendants retained control of the original copy of the Earnout Incentive Program.*

16.     On June 18, 2003, Defendants SUNSTATES MAINTENANCE CORPORATION,

3

INC., and RICHARD K. FOWLER informed Plaintiff, Mr. MUNIZ, that his share of the Earnout Incentive Program would be paid as a Loan Stock option in the amount of $100,000.00 in the new company, Defendant GCA SERVICES GROUP, INC. In addition to the $100,000.00 Loan Stock, Mr. MUNIZ was to receive stock options in Defendant GCA SERVICES GROUP, INC., in the amount of $25,000.00, and cash bonus of $20,000.00, for a total amount of $145,000.00. *At the time suit was filed, Defendants retained control of the original copy of the Loan Stock, Stock Options and Bonus agreement.*

17. As stated above, the Earnout Incentive Program offered by SUNSTATES and FOWLER would cover the cost of a Loan Stock option in Defendant GCA SERVICES in the amount of $100,000.00.

18. On June 23, 2003 Defendant FOWLER effectuated the sale of SUNSTATES to GCA SERVICES.

19. On June 16, 2004, Defendant GCA SERVICES eliminated a number of positions and provided notice that it would layoff Plaintiff Mr. MUNIZ on June 21, 2004.

20. Defendants GCA SERVICES, SUNSTATES and FOWLER, have paid the bonuses, incentives, stock options, and loan stocks under the employment contract and the Earnout Incentive Program to various employees and former employees of Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER.

21. Defendants GCA SERVICES, SUNSTATES n/d/a GCA SERVICES, and FOWLER, however, refuse to abide by the clear terms of the employment contract and the June 2003 Earnout

4

Incentive Program and refused to pay Plaintiff, Mr. MUNIZ, with the 1% to 8% stock equity in SUNSTATES owed under the employment contract and with the $145,000.00 owed under the Earnout Incentive Program.

22.     Indeed, on November 19, 2004, Defendants GCA SERVICES GROUP, INC., FOWLER, and SUNSTATES breached the terms of the Earnout Incentive Program and improperly and unlawfully sold Mr. MUNIZ'S shares of Loan Stock in the amount of $100,000.00 and sold Mr. MUNIZ'S stock options in the amount of $25,000.00.  After improperly and unlawfully selling Mr. MUNIZ'S Loan Stock and stock options, Defendant GCA SERVICES GROUP, INC., brazenly charged Mr. MUNIZ $1,773.00 for "interests" on the Loan Stock.  Defendants have also failed to pay Mr. MUNIZ'S $20,000.00 cash bonus.

23.     Defendants FOWLER, SUNSTATES, and GCA SERVICES have also refused to pay Mr. MUNIZ with the percentage of equity in SUNSTATES at the time the company was sold to GCA SERVICES GROUP, INC.

24.     Defendants FOWLER, SUNSTATES, and GCA SERVICES GROUP, INC., improperly and fraudulently converted Mr. MUNIZ'S property to their own benefit without authorization or consent.

25.     To no avail, Plaintiff, Mr. MUNIZ, has attempted to resolve this matter with Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER.

26.     As a result of the conduct of Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and

RICHARD K. FOWLER, Plaintiff Mr. MUNIZ has incurred costs of litigation including attorneys' fees.

## COUNT I
### BREACH OF CONTRACT AGAINST GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER

27.     Plaintiff, Mr. MUNIZ incorporates and realleges paragraphs 2 through 20 above as fully set forth herein.

28.     This is an action against Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER for damages exceeding $15,000.00.

29.     Pursuant to the terms of the employment contract GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER were and are obligated to pay Mr. MUNIZ with a percentage of the value of SUNSTATES SERVICES GROUP, INC., in the Raleigh, North Carolina market.

30.     Additionally, Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER were and are obligated under the Earnout Incentive Program, to pay bonuses, incentives, loan shares and loan stock and other benefits totaling $145,000.00 to Plaintiff Mr. MUNIZ.

31.     On June 23, 2003, Defendants FOWLER and SUNSTATES SERVICES GROUP, INC., sold SUNSTATES to GCA SERVICES GOUP, INC., including SUNSTATES' North Carolina operation.

32.     On June 21, 2004, Defendants GCA SERVICES GROUP, INC., SUN STATES

MAINTENANCE CORPORATION n/k/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER laid-off numerous employees, including Plaintiff Mr. MUNIZ.

33.    Plaintiff Mr. MUNIZ has repeatedly demanded Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER pay the sums owed under the employment contract and the Earnout Incentive Plan.

34.    Despite Plaintiff Mr. MUNIZ'S demands, GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER refused to pay the sums due under the employment contract and the Earnout Incentive Program.

35.    Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER breached the terms of the employment contact and the Earnout Incentive Program by failing to pay Mr. MUNIZ.

36.    As a direct and proximate result of the breach of the terms of the employment contract and the Earnout Incentive Program by GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER, Mr. MUNIZ has been damaged.

37.    Plaintiff Mr. MUNIZ is entitled to recover from GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER all costs and expenses of this action, including attorneys' fees and costs.

7

38.     Mr. MUNIZ has retained the services of the undersigned and is obligated to pay attorneys's fees and costs associated with this action.

39.     Mr. MUNIZ is entitled to recover interest from the time the sale of SUNSTATES SERVICES GROUP, INC., to GCA SERVICES GROUP, INC., and interests from when the Earnout Incentive Program and other benefits became due.

WHEREFORE, Plaintiff, DAVID MUNIZ, demands judgment against Defendants against Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER, jointly and severally, with prejudgment interest, interest, attorneys' fees and any and all compensable damages under law and demands a trial by jury.

## COUNT II
### UNJUST ENRICHMENT AGAINST GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER

40.     Plaintiff, Mr. MUNIZ incorporates and realleges paragraphs 2 through 20 above as fully set forth herein.

41.     This is an action against Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER for unjust enrichment and damages exceeding $15,000.00.

42.     Pursuant to the terms of the employment contract, Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER were and are obligated to pay Mr. Muniz a percentage of the value of SUNSTATES SERVICES GROUP, INC., in the Raleigh, North Carolina market.

8

43.     Additionally, Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER were and obligated under the Earnout Incentive Program, to pay bonuses, incentives, loan shares and loan stock and other benefits totaling $145,000.00 to Plaintiff Mr. MUNIZ.

44.     Mr. MUNIZ performed his employment obligations to Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER, who had knowledge of the benefits conferred.

45.     Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER voluntarily accepted and retained the benefits provided by Mr. MUNIZ.

46.     The circumstances are such that it would be inequitable for Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER to retain the benefit Mr. MUNIZ provided without paying value thereof to Mr. MUNIZ.

47.     As a direct and proximate result of the breach of the terms of the employment contract and the Earnout Incentive Program by GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER, Mr. MUNIZ has been damaged.

48.     Plaintiff Mr. MUNIZ is entitled to recover from GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and

RICHARD K. FOWLER all costs and expenses of this action, including attorneys' fees and costs.

49.     Mr. MUNIZ has retained the services of the undersigned and is obligated to pay attorneys's fees and costs associated with this action.

50.     Mr. MUNIZ is entitled to recover interest from the time the employment contract and the Earnout Incentive Program and other benefits became due.

WHEREFORE, Plaintiff, DAVID MUNIZ, demands judgment against Defendants against Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER, jointly and severally, for damages, with prejudgment interest, interest, attorneys' fees and any and all compensable damages under law and demands a trial by jury.

## COUNT III
## COMMON LAW CONVERSION AGAINST GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER

51.     Plaintiff, Mr. MUNIZ incorporates and realleges paragraphs 2 through 20 above as fully set forth herein.

52.     This is an action against Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER for common law conversion and damages exceeding $15,000.00.

53.     Pursuant to the terms of the employment contract, Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER were and are obligated to pay Mr. Muniz a percentage of the value of SUNSTATES SERVICES GROUP, INC., in the Raleigh, North Carolina market.

54.     Pursuant to the terms of the Earnout Incentive Program, Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER were and are obligated to pay bonuses, incentives, loan shares and loan stock and other benefits totaling $145,000.00 to Plaintiff Mr. MUNIZ.

55.     Mr. MUNIZ obtained ownership interests in SUNSTATES pursuant to his employment contract.

56.     Mr. MUNIZ also obtained interests of $100,000 in the Loan Stock and $25,000 in stock options on June 18, 2003 pursuant to the Earnout Incentive Program.

57.     Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER improperly took possession of Mr. MUNIZ'S interests in the stock without the approval or consent of Mr. MUNIZ.

57.     As a direct and proximate result of the breach of the terms of the employment contract and the Earnout Incentive Program by GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER, Plaintiff Mr. MUNIZ has been damaged.

58.     Plaintiff Mr. MUNIZ is entitled to recover from GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER all costs and expenses of this action, including attorneys' fees and costs.

59.     Mr. MUNIZ has retained the services of the undersigned and is obligated to pay

11

attorneys's fees and costs associated with this action.

60.     Mr. MUNIZ is entitled to recover interest from the time the employment contact and the Earnout Incentive Program and other benefits became due.

WHEREFORE, Plaintiff, DAVID MUNIZ, demands judgment against Defendants against Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER, jointly and severally, for damages, with prejudgment interest, interest, attorneys' fees and any and all compensable damages under law and demands a trial by jury.

## COUNT IV
### BREACH OF FIDUCIARY DUTY AGAINST GCA SERVICES GROUP, INC. SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER

61.     Plaintiff realleges the allegations presented in paragraphs 1 through 20 and incorporates same herein by reference.

62.     This is an action in excess of $15,000.00 for breach of fiduciary duty against GCA SERVICES GROUP, INC, SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER

63.     Mr. MUNIZ was an employee of GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER who relied on Defendants to safeguard his stock and stock option interests in the corporation.

64.     The actions of Defendant GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K.

FOWLER as expressed in paragraphs 1 through 20 constitute breach of fiduciary relationship.

55.     Mr. MUNIZ was privy to a contract for stock options and loan stock with Defendants and placed trust and confidence in Defendants to perform their duties to safeguard his general interests.

56.     Mr. MUNIZ relied and depended on Defendants to advise, counsel, and protect him from harm.

57.     As a direct and proximate result of the breach of the terms of the employment contract and the Earnout Incentive Program by GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER. Mr. MUNIZ has been damaged.

58.     Plaintiff Mr. MUNIZ is entitled to recover from GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER all costs and expenses of this action, including attorneys' fees and costs.

59.     Mr. MUNIZ has retained the services of the undersigned and is obligated to pay attorneys's fees and costs associated with this action.

60.     Mr. MUNIZ is entitled to recover interest from the time the employment contract and the Earnout Incentive Program and other benefits became due.

WHEREFORE, Plaintiff, DAVID MUNIZ, demands judgment against Defendants against Defendants GCA SERVICES GROUP, INC., SUNSTATES MAINTENANCE CORPORATION d/b/a GCA SERVICES GROUP, INC., and RICHARD K. FOWLER, jointly and severally, for damages, with prejudgment interest, interest, attorneys' fees and any and all compensable damages under law and demands a trial by jury.

*Parrish & Udowychenko, P.A.*

JOSE F. GARCIA, ESQUIRE
Florida Bar No. 0510211
116 America Street
Orlando, FL 32801-3689
Telephone No.: (407) 849-1776
Facsimile No.: (407) 648-4192