UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID MUNIZ,

    Plaintiff,

v.                               CASE NO.: 3:05-cv-172-J20MMH

GCA SERVICES GROUP, INC.,
SUNSTATES MAINTENANCE
CORPORATION N/K/A GCA SERVICES
GROUP, INC., and RICHARD K. FOWLER,

    Defendants.
_____/

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants GCA Services Group, Inc., GCA Services Group of North Carolina, Inc. f/k/a Sunstates Maintenance Corp. and Richard K. Fowler (hereinafter collectively "defendants"), by and through their counsel, respond to the allegations set forth in the Complaint of Plaintiff as follows:

1. Defendants admit that Plaintiff's Complaint seeks to recover in excess of $15,000, exclusive of interest, attorneys' fees and costs. It is denied that Plaintiff is entitled to any such recovery, and the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint are denied.

2. Admitted upon information and belief.

3. It is admitted that GCA Services Group of North Carolina, Inc., which was formerly known as Sunstates

1

Maintenance Corp., is a North Carolina corporation with its principal place of business in North Carolina. It is admitted that GCA Services Group of North Carolina, Inc. is qualified to transact business in Florida. The remaining allegations set forth in paragraph 3 of Plaintiff's Complaint are denied.

4. It is admitted that GCA Services Group, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Pennsylvania. It is admitted that GCA Services Group, Inc. is qualified to transact business in Florida. The remaining allegations set forth in paragraph 5 of Plaintiff's Complaint are denied.

5. It is admitted that Mr. Fowler was a shareholder of Sunstates Maintenance Corp. prior to GCA Services Group, Inc. acquiring such shares. It is further admitted that Sunstates Maintenance Corp., which is now known as GCA Services Group of North Carolina, Inc., was in the business of maintenance, and that it operated a place of business in Florida. It is further admitted that Mr. Fowler owns a condominium in Florida, as well as stock in two Florida corporations. Except as admitted, the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint are denied.

6. It is admitted that Plaintiff was an employee of Sunstates Maintenance Corp. pursuant to the terms of a written

2

agreement signed by Plaintiff in 1990.  It is further admitted that Plaintiff executed several additional written agreements with GCA Service Group, Inc. governing his employment.  The remaining allegations set forth in paragraph 6 of Plaintiff's Complaint are denied.

7.   It is admitted that GCA Services Group, Inc. and Plaintiff entered into a Loan Stock Award Agreement, an Incentive Stock Option Agreement and a Nonsolicitation and Nondisclosure Agreement.  It is also admitted that as part of the Loan Stock Award Agreement, Plaintiff executed a Promissory Note.  It is admitted that Mr. Fowler, in his individual capacity, provided an Earnout Incentive Plan for certain employees which would provide certain additional compensation or benefits if certain goals were met and a certain earnout was earned relative to the sale of Sunstates Maintenance Corp.'s stock to GCA Services Group, Inc.  It is denied that GCA Services Group or Sunstates Maintenance Corp. was a party to such plan or agreement, or made any such agreement.  The remaining allegations set forth in paragraph 7 of Plaintiff's Complaint are denied.

8.   It is admitted that Plaintiff was an employee of Sunstates Maintenance Corp. and continued to be employed after GCA Services Group, Inc. acquired the stock of Sunstates

Maintenance Corp. It is further admitted that Plaintiff's employment ended on 21 June 2004. Except as admitted, the remaining allegations set forth in paragraph 8 of Plaintiff's Complaint are denied.

9. Defendants lack sufficient knowledge or information at this time to form a belief as to the truth of allegations set forth in paragraph 9 of Plaintiff's Complaint, and the same, therefore, are denied.

10. Defendants lack sufficient knowledge or information at this time to form a belief to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint, and the same, therefore, are denied.

11. It is admitted that at times there had been discussions regarding Plaintiff's compensation, but it is denied that any agreement was reached to pay Plaintiff anything other than what he was paid and what he accepted in full compensation for his services as an employee. The remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint are denied.

12. It is admitted that at times there had been discussions regarding Plaintiff's compensation, but it is denied that any agreement was reached to pay Plaintiff anything other than what he was paid and what he accepted in

full compensation for his services as an employee. The remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint are denied.

13. Denied.

14. It is admitted that in 2003, GCA Services Group, Inc. purchased the stock of Sunstates Maintenance Corp. It is admitted that prior to such transaction, negotiations occurred, and that such negotiations included Mr. Fowler. The remaining allegations set forth in paragraph 14 of Plaintiff's Complaint are denied.

15. It is admitted that Mr. Fowler, in his individual capacity, provided an Earnout Incentive Plan for certain employees which would provide certain additional compensation or benefits if certain goals were met and a certain earnout was earned related to the sale of Sunstates Maintenance Corp.'s stock to GCA Services Group, Inc. It is denied that GCA Services Group or Sunstates Maintenance Corp. was a party to such plan or agreement, or made any such agreement. It is denied that the terms were such as alleged in paragraph 15 of Plaintiff's Complaint, and the same, therefore, are denied.

16. It is admitted that Mr. Fowler, in his individual capacity, provided an Earnout Incentive Plan for certain employees which would provide certain additional compensation

5

or benefits if certain goals were met and a certain earnout was earned related to the sale of Sunstates Maintenance Corp.'s stock to GCA Services Group, Inc.  It is denied that GCA Services Group or Sunstates Maintenance Corp. was a party to such plan or agreement, or made any such agreement.  It is denied that the Earnout Incentive Plan provided for the payment of Loan Stock.  Instead, GCA Services Group, Inc. provided for Loan Stock under the terms of the Loan Stock Award Agreement, signed by Plaintiff, and the Loan Stock Plan.  It is further admitted that Plaintiff was provided stock options pursuant to the terms of a Incentive Stock Option Agreement, also signed by Plaintiff.  It is denied that the terms of the Earnout Incentive Plan were such as alleged in paragraph 16 of Plaintiff's Complaint.  The remaining allegations set forth in paragraph 16 of Plaintiff's Complaint are denied.

17.  It is admitted that Mr. Fowler, in his individual capacity, provided an Earnout Incentive Plan for certain employees which would provide certain additional compensation or benefits if certain goals were met and a certain earnout was earned related to the sale of Sunstates Maintenance Corp.'s stock to GCA Services Group, Inc.  It is denied that GCA Services Group or Sunstates Maintenance Corp. was a party

6

to such plan or agreement, or made any such agreement. It is also admitted that under the terms of the Plan, it was possible that the debt associated with the Loan Stock could have been paid down or off if certain conditions were met. It is denied that such conditions were met or that Plaintiff is entitled to the relief sought in his Complaint. The remaining allegations set forth in paragraph 17 of Plaintiff's Complaint are denied.

18. It is admitted that on or about 28 May 2003, GCA Services Group, Inc. acquired the shares of Sunstates Maintenance Corp. The remaining allegations set forth in paragraph 18 of Plaintiff's Complaint are denied.

19. It is admitted that Plaintiff's employment ended on or about 21 June 2004, and that Plaintiff was offered a severance which he accepted. The remaining allegations set forth in paragraph 19 of Plaintiff's Complaint are denied.

20. It is admitted that Mr. Fowler has made payments pursuant to an Earnout Incentive Plan. The remaining allegations set forth in paragraph 20 of Plaintiff's Complaint are denied.

21. It is denied that Plaintiff is entitled to any ownership in any of the defendant entities. It is denied that Plaintiff is owed $145,000 under the Earnout Incentive Plan,

as alleged. The remaining allegations set forth in paragraph 21 of Plaintiff's Complaint are denied.

22. It is admitted that GCA Services Group, Inc., pursuant to the terms of the Loan Stock Award Agreement signed by Plaintiff, repurchased Plaintiff's Loan Stock following the termination of his employment. It is further admitted that, pursuant to the terms of Loan Stock Award Agreement and the Promissory Note signed by Plaintiff, at the time of the repurchase Plaintiff owed $1,773 in accrued interest. Plaintiff's stock options, under the terms of the Incentive Stock Option Agreement, had not vested and were not exercisable at the termination of his employment and therefore terminated in accordance with the Incentive Stock Option Agreement. The remaining allegations set forth in paragraph 22 of Plaintiff's Complaint are denied.

23. It is denied that Plaintiff was entitled to any percentage ownership or equity of Sunstates Maintenance Corp., and the allegations set forth in paragraph 23 of Plaintiff's Complaint are denied.

24. Denied.

25. It is admitted that there have been some efforts to resolve the dispute that is the subject matter of this suit,

which have not been successful.  The remaining allegations set forth in paragraph 25 of Plaintiff's Complaint are denied.

26. Denied.

## COUNT I

27. Defendants incorporate by reference as if fully set forth their responses to the allegations contained in paragraphs 1-26 of the Complaint.

28. Defendants admit that Plaintiff's Complaint seeks to recover in excess of $15,000, exclusive of interest, attorneys' fees and costs.  It is denied that Plaintiff is entitled to any such recovery, and the remaining allegations set forth in paragraph 28 of Plaintiff's Complaint are denied.

29. Denied.

30. Denied.

31. It is admitted that on or about 28 May 2003, GCA Services Group, Inc. acquired the shares of Sunstates Maintenance Corp.  The remaining allegations set forth in paragraph 31 of Plaintiff's Complaint are denied.

32. It is admitted that Plaintiff's employment ended on or about 21 June 2004 and that Plaintiff was offered a severance package which he accepted.  Except as admitted, the remaining allegations set forth in paragraph 32 of Plaintiff's Complaint are denied.

33. It is admitted that Plaintiff has made a number of demands, but it is denied that Plaintiff is entitled to the sums for which he has made demands. The remaining allegations set forth in paragraph 33 of Plaintiff's Complaint are denied.

34. It is admitted that Plaintiff has made a number of demands, but it is denied that Plaintiff is entitled to the sums for which he has made demands. The remaining allegations set forth in paragraph 34 of Plaintiff's Complaint are denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendants lack sufficient information and knowledge at this time to form a belief as to the truth of the allegations set forth in paragraph 38 of Plaintiffs' Complaint, and the same, therefore, are denied.

39. Denied.

**COUNT II**

Count II of Plaintiff's Complaint fails to state a claim upon which relief may be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants are filing a separate motion setting forth the basis for dismissal of this Count under Rule 12(b)(6).

**COUNT III**

Count III of Plaintiff's Complaint fails to state a claim upon which relief may be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants are filing a separate motion setting forth the basis for dismissal of this Count under Rule 12(b)(6).

**COUNT IV**

Count IV of Plaintiff's Complaint fails to state a claim upon which relief may be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants are filing a separate motion setting forth the basis for dismissal of this Count under Rule 12(b)(6).

**FIRST AFFIRMATIVE DEFENSE**

Defendants plead the statute of frauds in defense of Plaintiff's claims.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead the terms of the written agreements signed by Plaintiff regarding his employment in defense of Plaintiff's claims, including the 1990 Employment Agreement, a Loan Stock Award Agreement, and a Promissory Note. Such agreements collectively provide that no other agreements exist

and that any prior agreements are superseded, and that such agreements can only be modified in writing signed by both parties. To the extent that any prior agreements existed, they were modified and superseded by the written agreements signed by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead accord and satisfaction in defense of Plaintiff's claims. Plaintiff accepted bonuses and benefits during the term of his employment and severance following his employment in full satisfaction of any obligations or compensation.

### FOURTH AFFIRMATIVE DEFENSE

Defendants plead the doctrine of waiver in defense of Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations which are plead in defense of Plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Richard Fowler pleads insufficiency of process and insufficiency of service of process pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE

Venue is improper in the District in that not all of the defendants are residents of this State and a substantial part of the events or omissions allegedly giving rise to the claim did not occur in this District. Accordingly, this action should be dismissed pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406. In the alternative, this action should be transferred to the United State District Court for the Middle District of North Carolina, or to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff breached the terms of his Nonsolicitation and Nondisclosure Agreement and such breach is plead in defense of each of Plaintiff's claims.

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, GCA Services Group, Inc. pleads as follows as counter claims against Plaintiff.

1. Plaintiff is a citizen and resident of Florida.

2. GCA Services Group, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Pennsylvania.

3. Plaintiff signed a Loan Stock Award Agreement and Promissory Note to pay for the stock granted as part of the Loan Stock Award Agreement. Plaintiff also signed a Nonsolicitation and Nondisclosure Agreement.

4. Following Plaintiff's employment, GCA Services Group, Inc. repurchased the Loan Stock granted to Plaintiff during his employment, pursuant to the Loan Stock Award Agreement.

5. Under the terms of the Loan Stock Award Agreement and the corresponding Promissory Note, Plaintiff owes GCA Services Group, Inc. $1733.00 in interest on the Promissory Note, which he has failed to pay after demand. Such failure to pay constitutes a default of the Promissory Note and breach of the Loan Stock Award Agreement.

6. Since his employment terminated, Plaintiff has also breached his obligations under the Nonsolicitation and Nondisclosure Agreement by soliciting customers of his former employer within the time in which such solicitations are prohibited.

7. Plaintiff's breaches of the terms of the Nonsolicitation and Nondisclosure Agreement have damaged Defendants.

WHEREFORE, having answered Plaintiff's Complaint as fully as they are aware it is their duty, and GCA Services Group, Inc. having counterclaimed against Plaintiff, Defendants pray to the Court for the following relief:

1. That plaintiff's claims be dismissed.

2. That plaintiff have and recover nothing from Defendants.

3. That the costs of this action, including such attorneys' fees as are permitted by law, be taxed against plaintiff.

4. That GCA Services Group, Inc. recover against Plaintiff $1733.00, in addition to damages for Plaintiff's breach of the Nonsolicitation and Nondisclosure Agreement.

5. That trial by jury be permitted with respect to any issues of fact so triable.

6. For such other and further relief as the Court may deem just and proper.

This is the 31st day of March, 2005.

        Respectfully submitted,

        **SMITH, GAMBRELL & RUSSELL, LLP**

        <u>/s/ G. Todd Whitcomb</u>
        G. Todd Whitcomb
        Florida  Bar No. 0190977
        Bank of America Tower
        50 N. Laura Street, Suite 2600
        Jacksonville, FL  32202
        Telephone:  (904) 598-6100
        Facsimile:  (904) 598-6300
        gtwhitcomb@sgrlaw.com

        OF COUNSEL:

        Richard A. Coughlin
        SMITH MOORE LLP
        300 North Greene Street
        Suite 1400
        Greensboro, NC  27401
        PO Box 21927 (27420)
        Telephone:  (336) 378-5200
        Facsimile:  (336) 378-5400
        Rick.Coughlin@smithmoorelaw.com

        *Attorneys for Defendants*
        *GCA Services Group, Inc.,*
        *Sunstates Maintenance*
        *Corp. n/k/a GCA Services*
        *Group of North Carolina, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Jose F. Garcia, Parrish & Udowychenko, P.A., 116 America Street, Orlando, FL  32801-3689.

<u>/s/ G. Todd Whitcomb</u>
Attorney

SGRJAX/66358.1